Overton, J.
 

 delivered the following opinion of the court.
 

 This case presented the following facts. A grant issued to Robert Hays in 1793 for 640 acres; Hays executed a bond to make a title to 320 acres of this land to James Hays in such part as he might choose—This bond was dated in March 1800—James Hays made choice of the part he meant to take, and Robert Hays put him in possession of it. James Hays remained in peaceable possession more than seven years before suit was brought—A deed from Robert Hays to James Hays dated the 10th day of October 1810 was exhibited in evidence.
 

 The defendant in error claims under a deed from Robert Hays dated in November 1793 for 300 acres, being part of the same 320, Before suit brought James Hays died, leaving Henry Hays his heir or devisee, who continued the possession of his ancester. Dale being executor
 
 of
 
 the estate of James Hays, was made co-defendant.
 

 The plaintiffs in error relied on seven years possession as a bar. The circuit judge was requested to charge the jury that the statute of limitations applied, and would be a bar to the recovery of the plaintiff.
 

 The court not only refused to give these instructions, but
 
 *395
 
 informed the jury that the statute of limitations did not apply.
 

 To this opinion, exception was taken, and the question is brought here for revision.
 

 The court has no hesitation in this case. The act of 1797 c. 43, s. 4, is clear that the person claiming the benefit of seven years possession as a bar, must bottom his claim to the protection of the statute, or a registered deed of conveyance, to him, his ancestor or devisor. A bond is not sufficient by that act.
 

 The judgment must therefore be affirmed, (
 
 a
 
 )
 

 a
 

 (a) Deed of conveyance as above, used in contradistinction to a Bond. The court gives no opinion whether any other evidence than, a deed of conveyance will suffice.